### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

      v.                                    Case No. 21-cv-1081-LM

Town of Wolfeboro, et al.

### REPORT AND RECOMMENDATION

Plaintiff Josephine Amatucci, proceeding pro se and in forma pauperis, has filed a complaint (Doc. No. 1[1]), an addendum to that complaint (Doc. No. 4[2]), and a document entitled "Response to Endorced [sic] Order Dated 1/18/2022" (Doc. No. 5[3]), which the Court construes as a complaint addendum, against the Town of Wolfeboro ("Town"), Wolfeboro Police Department ("WPD") Chief Dean Rondeau, WPD Prosecutor Timothy Morgan, Belknap County Sheriff's Department ("BCSD") Sgt. William Wright, BCSD Prosecutor Judy Estes, Town Employee Steve Champaign, and Judge Charles L. Greenhalgh.  The complaint is before the court for preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).

---

[1] Mrs. Amatucci has identified the document docketed as Document No. 1 in this case as #5557.

[2] Mrs. Amatucci has identified the document docketed as Document No. 4 in this case as #5584.

[3] Mrs. Amatucci has identified the document docketed as Document No. 1 in this case as #5598.

## Standard of Review

The court conducts a preliminary review of complaints filed by pro se litigants proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).  In considering whether a pro se complaint states a claim, the court construes the pleading liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The court then determines whether, stripped of legal conclusions, and with all reasonable inferences construed in plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Claims may be dismissed, sua sponte, if the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).

## Background

This action concerns an August 2018 incident at the Town dump in which Mrs. Amatucci was accused of pushing a Town dump employee, Robert Maloney.  WPD Chief Rondeau asked the BCSD to investigate the incident, and the matter was handled by BCSD Sgt. Wright.  Mrs. Amatucci was ultimately prosecuted for simple assault in state court.  See State v. Amatucci, No. 464-2018-CR-01490 (N.H. Cir. Ct., 3d Cir., Dist. Div. – Ossipee ("Ossipee

District Court")).  Ossipee District Court Judge Greenhalgh found Mrs. Amatucci guilty of simple assault after a November 2019 bench trial.  See id.

## Claims

All of the claims in this action concern the August 2018 dump incident and the investigation and criminal prosecution arising therefrom.  In her complaint, Mrs. Amatucci alleges that the defendants subjected her to false arrest, false imprisonment, and malicious prosecution, in violation of the Fourteenth Amendment; and that the defendants obtained a warrant and caused her to be arrested for simple assault without probable cause, in violation of the Fourth Amendment. Additionally, Mrs. Amatucci claims that her state court conviction is void because it is based on fraud, and because Judge Greenhalgh lacked jurisdiction to hear the case or convict her.

Mrs. Amatucci has previously filed, in this Court, the below-listed cases asserting the claims she asserts here, against the defendants named in this case:

- Amatucci v. Rondeau, No. 19-cv-156-JL (D.N.H.) ("Case 19-156") (voluntarily dismissed by Mrs. Amatucci May 20, 2019), see May 20, 2019, Pl.'s Voluntary Dismissal, Case 19-156 (ECF No. 4[4]);

_____

[4] Mrs. Amatucci has identified the document docketed as Document No. 4 in Case 19-156 as #4433.

- Amatucci v. Wolfeboro, 19-cv-531-JD (D.N.H.) ("Case 19-531") (dismissed Mar. 2, 2020), see Mar. 2, 2020 Order, Case 19-531 (ECF No. 7);

- Amatucci v. Wolfeboro, No. 20-cv-449-JL (D.N.H.) ("Case 20-449") (dismissed Aug. 11, 2021), see Aug. 11, 2021 Order, Case 20-449 (ECF No. 21) (approving Aug. 2, 2021 R&R (ECF No. 18)); and

- Amatucci v. Greenhalgh, 21-cv-238-JL (D.N.H.) ("Case 21-238") (dismissed Aug. 11, 2021), see Aug. 11, 2021 Order, Case 21-238 (ECF No. 12) (approving Aug. 2, 2021 R&R (ECF No. 10)).

**Discussion**

I.   Claim Preclusion/Res Judicata

The doctrine of claim preclusion, sometimes called res judicata, precludes a plaintiff from asserting claims in a lawsuit which were previously asserted in an earlier suit, if "'(1) the earlier suit resulted in a final judgment on the merits, (2) the causes of action asserted in the earlier and later suits are sufficiently identical or related, and (3) the parties in the two suits are sufficiently identical or closely related.'" Metzler Asset Mgmt. GmbH v. Kinsley, 928 F.3d 151, 156 (1st Cir. 2019) (citation omitted).  The doctrine of claim preclusion also "bars parties from relitigating claims that could have been made in an earlier suit," even if they were not actually made in the earlier suit.  Airframe Sys., Inc. v. Raytheon Co., 601 F.3d 9, 14 (1st Cir. 2010).  A dismissal for

failure to state a claim on which relief may be granted constitutes a final judgment on the merits for purposes of res judicata.  See AVX Corp. v. Cabot Corp., 424 F.3d 28, 30 (1st Cir. 2005).


II.  Previous Decisions on the Merits

    A.  Case 19-531

    The claims Mrs. Amatucci asserts in her complaint in this case were, or could have been, asserted in Case 19-531, which concerned the August 2018 dump incident.  Case 19-531 named defendants who are either named as defendants here, or in privity with those named as defendants here (with the exception of Mrs. Amatucci's claims against Judge Greenhalgh which are discussed below).  Case 19-531 was dismissed on the merits and Mrs. Amatucci did not appeal that decision to the First Circuit. See Mar. 2, 2020 Order, Case 19-531 (ECF No. 7).  Final judgment entered in that case on March 2, 2020.  See Mar. 2, 2020 Judgment, Case 19-531 (ECF No. 8).


    B.  Case 21-238

    In the instant case, Mrs. Amatucci asserts claims against Judge Greenhalgh arising out of the August 2018 dump incident. In Case 21-238, Mrs. Amatucci sued Judge Greenhalgh, asserting claims arising out of the August 2018 dump incident.  Case 21-

238 was dismissed on the basis that Judge Greenhalgh was entitled to judicial immunity, and the action, therefore, could not proceed against him, and Mrs. Amatucci did not appeal that decision to the First Circuit.  See Aug. 11, 2021 Order, Case 21-238 (ECF No. 12) (approving Aug. 2, 2021 R&R (ECF No. 10)). Final judgment entered in that case on August 11, 2021.  See Aug. 11, 2021 Judgment, Case 21-238 (ECF No. 13).

A dismissal based on judicial immunity is a decision on the merits for purposes of claim preclusion.  See Lewis v. Suthers, 480 F. App'x 415, 416 (7th Cir. 2012); Bush v. Wash. Mut. Bank, No. 1:07-CV-0009-GET, 2007 WL 9705914, at *2 (N.D. Ga. Apr. 23, 2007) (dismissal of prior suit on grounds of judicial immunity "constitutes a final judgment on the merits between identical parties based on the same causes of action").  Accordingly, the final judgment on the merits in Case 21-238 precludes the claims against Judge Greenhalgh asserted here, and the District Judge should dismiss those claims.

### Filing Restriction Warning

This is the fifth lawsuit Mrs. Amatucci has filed concerning the August 2018 incident at the Town dump.  As discussed above, Case 19-531 and Case 21-238 have been dismissed on their merits, and final judgment has entered in those cases. Under the doctrine of claim preclusion/res judicata, claims

which were, or could have been, asserted in those earlier cases are barred.  Additionally, a case Mrs. Amatucci previously filed in this Court, Case 20-449, was dismissed on the grounds of res judicata, as Case 20-449 asserted claims which were, or could have been asserted in Case 19-531 against defendants named or in privity with the defendants to Case 19-531.  See Aug. 11, 2021 Order, Case 20-449 (ECF No. 21) (approving Aug. 2, 2021 R&R (ECF No. 18)).

For these reasons, it should be clear to Mrs. Amatucci that she cannot obtain relief in this court on the claims asserted in this case, or on any claims arising out of the August 2018 incident at the Town dump, or the related investigation and state court criminal proceedings, asserted against any involved Town employee, law enforcement officer, prosecutor, state court judge, or state court personnel.  Accordingly, should Mrs. Amatucci attempt again to file any new action in this Court concerning these matters, the Court may, at that time, enjoin Mrs. Amatucci from filing any new action in this Court arising from the August 2018 incident at the Town dump.[5]

---

[5] Mrs. Amatucci is already subject to two filing restrictions which prevent her from filing certain cases in this Court.  See Amatucci v. Hamilton, No. 13-cv-87-SM (D.N.H.), July 29, 2013 Order (ECF No. 8) (enjoining Mrs. Amatucci from commencing any action arising from her 2003 arrest without prior approval from a judge of this Court); Amatucci v. Chase, No. 17-cv-237-JL (D.N.H.), Apr. 11, 2018 Order (ECF No. 100) (approving Feb. 6, 2018 R&R (ECF No. 77) and enjoining Mrs. Amatucci from

## **Conclusion**

As explained herein, all of the elements of res judicata are met as to each of Mrs. Amatucci's claims in this action. Accordingly, the District Judge should dismiss this action in its entirety as barred by res judicata.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file any objection within the specified time waives the right to appeal the district court's Order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).  Only those issues raised in the objection(s) to this Report and Recommendation "'are subject to review in the district court.'"  Id.  Additionally, any issues "'not preserved by such objection are precluded on appeal.'"  Id. (citations omitted).

_Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

February 28, 2022

cc:  Josephine Amatucci, pro se

---

commencing any action arising out of May 7, 2014 events and the prosecution ensuing therefrom without prior approval from a judge of this Court).