5717

FILED - USDC -NH
2022 JUL 6 PM 1:22

THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Town of Wolfeboro, et al                          Civil No. 21-cv-1081-LM

Rondeau, Champaigne, Wright, Estes, Morgan               Document 7

REVISITING SUMMARY JUDGMENT

FOR A JUDGMENT AS A MATTER OF LAW

NO ..........RES JUDICATA

1.     This is a response to the Report & Recommendation of the United States Magistrate Judge Andrea Johnstone who FRAUDULENTLY dismissed this case under Res Judicata, by wrongly stating that Judge Diclerico ruling under Case No 00531, was a decsion on the MERITS.  When she knew and Di clerico knew that the Plaintiff did not have to be PHYSICALLY ARRESTED for a Fourth Amendment detention, seizure, where her liberty rights were violated.  That his decsion was not on the merits.  And therefore there is NO RES JUDICATA .  In fact DiClerio's ruling is VOID OF NO LEGAL FORCE.   That Diclerico and Johnstone knew or should have known that the United States Supreme Court  ruled  that a detention is a seizure of one's  liberty rights under the Fourth amendment. .....NO RES JUDICATA....
.......on VOID JUDGMENTS,   VOID JUDGMENTS ARE NEVER FINAL.   Helloooooooo

1

this was a violation of the Fourth amendment, not the Fourteenth Amendment as Magistrate Judge Johnstone FRAUDULENTLY STATED.

2. The Plaintiff's claim of a Malicious Prosecution .....WITHOUT PROBABLE CAUSE ...........is a Federal Constitutional Civil Rights Violation, under the Fourth Amendment, has never been ruled on, addressed, or litigated in this case, by the Courts, therefore, it remains active, and there is no Res Judicata.

3. This is a 1983 ....."FEDERAL CAUSE OF ACTION".......... which precludes the reasoning of the courts when they rely on State law elements, of a false arrest instead on relying on a violation of a .....FEDERAL.... malicious prosecution claim, of a Fourth amendment unlawful detention, seizure, and a violation of Due Process and the unlawful denial of her liberty rights. Under Fraud on /upon the court.

4. This was a Federal Constitutional violation, where there is no immunity, no res judicata, no statute of limitations and no collateral estoppel. When there is fraud, as was the ruling of the District Court Judge DiClerico who in a FRAUDULENT MISINTERPRETATION of the law, fraudulently dismissed the Plaintiff's lawsuit by basing the lawsuit on a false arrest theory, never mentioning the Plaintiff's claim of a FEDERAL Malicious Prosecution, and fraudulently dismissed the case when he FRAUDULENTLY stated that where there was no PHYSICAL SEIZURE , there was no ARREST. However, any detention of a persons liberty rights is an unlawful seizure under the Fourth Amendment. You do not have to be physically seized. FRAUD, FRAUD, FRAUD.

5. The Plaintiff was unlawfully detained, there was seized of her liberty rights, when she was WRONGLY forced to appear in court, in violation of her LIBERTY RIGHTS under the Fourth Amendment, where there was NO PROBABLE CAUSE

to detain her, as she proved she never committed an Assault with Bodily Injury as she was being prosecuted for.

6. When there is a violation of a person's Civil rights there is no immunity, no Res Judicata, no collateral estoppel, when the rulings, and judgements of the Courts are based on state common law, opinion and the Legislature.

7. Where a 1983 FEDERAL CAUSE OF ACTION, as under the Plaintiff's claim of a Malicious Prosecution …………"PRECLLUDES the reasoning of the Courts when they rely on State Law Elements.  See franz v. Village of Bradford and Albright v. Oliver.

8. Therefore, the dismissal by the Magistrate Judge Johnstone on February 28 2022 under Res Judicata is void of no legal force, as she based her decision in this case on Judge DiClerico's FRAUDULENT …false arrest… therory, a ruling that is VOID OF NO LEGAL FORCE.  And therefore the Plaintiff's claim of a….. FEDERAL ….Malicious Prosecution, still stands, and is still active.  As it has never been litigated or ruled on so there is NO RES JUDICATA.

9. There is a clear distinction of a false arrest and a FEDERAL cause of action UNDER 1983, for malicious prosecution, as the complaint must allege that the unconstitutional seizure, detention, loss of liberty resulted from an unreasonable prosecution action taken to bring the Plaintiff before the Court independent of any intitial physical seizure.  Also, unlike a common law claim, a state claim of a false arrest, an action for a malicious prosecution permits damages under 1983, under the Fourth Amendment.  Where it is CLEARLY ESTABLISHED Constitutional LAW, that a prosecution, an unlawful detention of a persons liberty, WITHOUT PROBABLE CAUSE, is a Fourth Amendment violation, where there is no immunity, no res judicata, no collateral estoppel,

in violation of a persons FEDERAL CONSTITUTIONAL RIGHTS.  See Heck v.

Humphrey 512 U.S. 477, 484, 114 S.Ct. 2364.

.                           Charles  Greenhalghn

10.      Acted beyond his legal jurisdiction,  in an Act that  required legal authority, and by ruling on the case where there was NO CASE,  he ruled outside his legal powers or prohibited powers,  and therefore all his rulings,  his conviction are VOID OF NO LEGAL FORCE.   The Magistrate stated on 02/28/22 under Document 7,  that the Plaintiff was suing JUDGE  Greenhalghn,  However,  the Plaintiff was not suing a judge she was suing Greenhalghn in his INDIVIDUAL CAPACITY.  Where he had  no legal authority to hear the case.   Where his rulings are all VOID OF NO LEGAL FORCE.

11.       Greenhalghn  violated  the Plaintiff's  Liberty rights by holding court hearings without having jurisdiction to do so,   for a crime that  he knew never existed, as he knew there was no victim,  as there was no Assault as she was fraudulantly being accused,  and therefore there was NO CASE.  That therefore Greenhalghn by ruling on a case of which he had no authority to do so,  he became a  Trespassor of the Constitution,  he was violating his Oath of office.   Cohen v. Virginia, People v. Wade.

12.       That his  conviction was tainted,   it was based on PERJURY,  and FRAUDULENT STATEMENTS.   See   Manuel, 137 S.Ct.at 920;  King v. Harwood 852 F.3d, 568, 584 (6th Cir. 2017);  Coggins v. Buonora 776 F.3d a08, 113 (2d Cir  2015).    FOR WRONGFUL CONVICTIONS.

13.       It is to be noted that when the Plaintiff insisted that the judge explain why he was convicting her,  knowing there was NO ASSAULT WITH BODILY INJURY,  this court must note that Judge Greenhalghn WOULD NOT GIVE A REASON WHY HE WAS CONVICTING HER,  HE WOULD NOT ANSWER, HE WOULD NOT ANSWER becasue he had NO REASON TO CONVICT HER.   She has the dvd of the trial to prove this claim.

14.     That the Plaintiff suffered trauma, mental suffering and emotional distress, especially due to the fact that the Plaintiff is a very elderly person.

15.     That therefore when Greenhalgn trespassed the Constitution and litigated the case, where there was NO PROBABLE CAUSE to hear the case, Greenhalgn lost jurisdiction, and his judgments, his CONVICTION are VOID OF NO LEGAL FORCE, as her Motion to Dismiss demonstrated her innocence.   Manuel v. City of Joliet (2017).

16.     That the deprivation of her liberty led to a Federal Constitutinal violation, under the Fourth Amendment.   Gallo v. City of Philadelphia 161 F.3d 217, 225 (3d Cir. 1998). Holding that malicious prosecution involves "the abuse of the judicial process by Government requiring that a claim for malicious prosecution includes bringing the person before a court will ensure that it remains a distinct, actionable tort under 1983.  Where there is no immunity, no res judicata, no collateral estoppel and where VOID JUDGMENTS ARE NEVER FINAL.   See case regarding a continued detention without probable cause under Heck v. Humphrey, 512 U.s. 477, 484, 114 S.Ct. 2364.

WHEREFORE:   A JUDGMENT AS A MATTER OF LAW must be allowed by the Court for a jury trial of her peers  for damages for  this MALICIOUS PROSECUTION, where it is a  CLEARLY ESTABLISHED  claim under the Fourth Amendment tion under 1983 when the defendants had ....NO PROBABLE CAUSE.... to accuse her of an Assault with Bodily Injury, when the alleged victim stated there was No injury.

Respectfully,

Josephine Amatucci

June 22, 2022

c. Town of Wolfeboro and Belnap sheriff's Dept.

*Josephine Amatucci*