5717

FILED - USDC -NH
2022 JUL 8 PM12:17

THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.                                                       $Docket$ 1:21-cv-01081-LM

Town of Wolfeboro, et al                    ~~Civil No.20-cv-449-JL~~

REVISITING  SUMMARY JUDGMENT

FOR A JUDGMENT AS A MATTER OF LAW

1.      The Plaintiff is ordering Judge Laplante off this case or any other case

that she files due to his abuse of discretion against her claims,  his fraud,

and most important his violation of her Federal Civil rights in a continuing

conduct in the ruling of her lawsuits that are before him

2.       The Plaintiff's  claim  of a Federal Constitutional  violation of the

Fourth Amendment regarding a Malicious Prosecution  without probable

cause in this case,  has never  been ruled on,  addressed,   or litigated in this case,

 by the Courts, therefore,   it remains active,  for a Motion for Judgment as a matter

of Law.  Where a 1983 FEDERAL CAUSE OF ACTION  precludes the reasoning of the

courts when they  rely on State law elements  of a false arrest instead of a violation

of the  Fourth Amendment  rights to liberty ,  as in the Plaintiff's  malicious proecution claim.

As what happened in this case.

1

As what happened in this case.

## A FALSE ARREST

3.      This was a Federal Constitutional violation, where there is no immunity, no res judicata, no statute of limitations and no collateral estoppel, when there is fraud, and when the ruling of the local District Court Judge DiClerico was based on a FRAUDULENT MISINTERPRETATION of the law, when he dismissed the Plaintiff's lawsuit based on a false arrest theory, when he stated that where there was no PHYSICAL SEIZURE , there is no ARREST, and he dismissed her case.

4.      The Plaintiff was unlawfully detained, seized of her liberty rights, when she was WRONGLY forced to appear in court, a violation of her LIBERTY RIGHTS under the Fourth Amendment, where there was NO PROBABLE CAUSE to detain her, as she never committed an Assault with Bodily Injury as she was being accused of.

5.      When there is a violation of a person's Civil rights there is no immunity, no Res Judicata, no collateral estoppel, where the rulings, and judgements of the Courts are based on state common law, and the Legislature. Where a 1983 FEDERAL CAUSE OF ACTION, as under a malicious prosecution under the Fourth Amendment, PRECLLUDES the reasoning of the Courts when they rely on State Law Elements. See franz v. Village of Bradford and Albright v. Oliver.

6.      Therefore, the dismissal of the Plaintiff's case under Res Judicata based on Judge DiClerico's false arrest therory, by the United States District Court Magistrate on August 2,2021 is void of no legal force. Also in the Magistrate's Report and Recommendation was a statement that "the WPD Chief Rondeau asked the BCSD to ..............INVESTIGATE...........the matter. And she based her rulings on the

2

INVESTIGTION, ignoring the Plaintiff's version of events, that her lawsuit was based primarily on ..............THE PROSECUTION...........THE PROSECUTION.........THE PROSECUTION. This was not a mistake, this is what Magistrates do, they distort the true meaning of a lawsuit by pro-se litigants. This is called Fraudulent Misinterpretation.

7.      There is a clear distinction under the law of a false arrest and a 1983 cause of action for malicious prosecution, as the complaint must allege that the unconstitutional seizure, detention, loss of liberty resulted from an unreasonable prosecution action taken to bring the Plaintiff before the Court independent of any intitial physical seizure. Also, unlike a common law claim, a state claim of a false arrest, an action for a malicious prosecution permits damages under 1983, under the Fourth Amendment. Where it is CLEARLY ESTABLISHED Constitutional LAW, that a prosecution, an unlawful detention of a persons liberty, WITHOUT PROBABLE CAUSE, is a Fourth Amendment violation, where there is no immunity, no res judicata, no collateral estoppel, in violation of a persons FEDERAL CONSTITUTIONAL RIGHTS. See Heck v. Humphrey 512 U.S. 477, 484, 114 S.Ct. 2364.

.                                THE CONVICTION

8.      The Plaintiff was convicted of committing an Assault with Bodily Injury, even though she filed a Motion to Dismiss, even though before any ruling was given by the court, she provided the judge with evidence of a statement by he alleged victim, Robert Maloney, who stated THERE WAS NO INJURY, the judge still convicted her, even though Maloney's Supervisor stated before the judge at the trial that the Plaintiff never pushed Maloney, or that he was never standing in the doorway, as Maloney stated, the judge still convicted her of causing Bodily

3

Injury to Maloney.  Believing that if he convicted her she would be unable to file

a violation of her Civil rights.

9.        Judge Greenhalghn  was violating the Plaintiff's  Liberty rights by

holding court hearings without having jurisdiction to do so,   for a crime that  he knew

never existed,  and in doing  so,  the judge was violating the Plaintiff's  Liberty Rights

under the  Federal Constitutioal  Law of the Land.  He was a Trespassor of the Constitution,

he was violating his Oath of office.

10.        The conviction was tainted,   it was based on PERJURY,  and FRAUDULENT

STATEMENTS.   See  Manuel, 137 S.Ct.at 920;  King v. Harwood 852 F.3d, 568, 584 (6th Cir.

2017);  Coggins v. Buonora 776 F.3d a08, 113 (2d Cir  2015).    FOR WRONGFUL CONVICTIONS.

11.        It is to be noted that when the Plaintiff insisted that the judge explain why

he was convicting her,  knowing there was NO ASSAULT WITH BODILY INJURY,  this court

must note that Judge Greenhalghn WOULD NOT GIVE A REASON WHY HE WAS

CONVICTING HER,  HE WOULD NOT ANSWER,  HE WOULD NOT ANSWER becasue he had

NO REASON TO CONVICT HER.   She has the dvd of the trial to prove this claim.

12.        That the Plaintiff suffered trauma,  mental suffering and emotional distress,

especially due to the fact that the Plaintiff was a very elderly person.

13.        That therefore when Greenhalgn trespassed the Constitution and litigated

the case,  where there was NO PROBABLE CAUSE to hear the case,  Greenhalgn lost

jurisdiction, and his judgments, his CONVICTION are VOID OF NO LEGAL FORCE,  as

her Motion to Dismiss demonstrated her innocence.   Manuel v. City of Joliet (2017).

14.        That the deprivation of her liberty led to a Federal Constitutinal violation,

under the Fourth Amendment.   Gallo v. City of Philadelphia 161 F.3d 217, 225 (3d Cir. 1998).

Holding that malicious prosecutin involves "the abuse of the judicial process by

4

Government requiring that a claim for malicious prosecution includes bringing the person

before a court will ensure that it remains a distinct, actionable tort under 1983.

WHEREFORE: A JUDGMENT AS A MATTER OF LAW by the Court will allow the Plaintiff a jury trial of her peers for damages for this CLEARLY ESTABLISHED Fourth Amendment violation under 1983, where there is no immunity, no res judicata, no collateral estoppel, especially where there is FRAUDULENT MISREPRESENTATIONS AND VOID JUDGMENTS that are never final, where the interests of a particular Federal Constitutional right precludes the reasoning of the courts , and is protected against State common law. See a case of continued detention without probable cause under Heck v. Humphrey, 512 U.S. 477, 484, 114 S.Ct. 2364. That the Magistrate fraudulentley misrepresented the Plaintiff's malicious prosecution claim by stating on page 3 of her Report and Recommendation that the Plaintiff stated that she was subject to a false arrest and malicious prosecution :........."IN VIOLATION OF THE FOURTEENTH AMENDMENT"..... when the Plaintiff distinctly stated that her malicious prosecution claim was based on a violation of the FOURTH AMENDMENT, of an unlawful detention, of a violation of her liberty rights under the Fourth Amendment.

Respectfully,

Josephine Amatucci

June 8, 2022   ~~22~~   July 6 2022

c. Town of Wolfeboro and Belnap sheriff's Dept.

*Josephine Gmatucci*

5

## Other Orders/Judgments

1:20-cv-00449-JL, Amatucci v. Wolfeboro, NH, Town of et al **CASE CLOSED on 08/11/2021**

CLOSED

### U.S. District Court

### District of New Hampshire

**Notice of Electronic Filing**

The following transaction was entered on 6/22/2022 at 11:03 AM EDT and filed on 6/21/2022
**Case Name:**     Amatucci v. Wolfeboro, NH, Town of et al
**Case Number:**    1:20-cv-00449-JL     *1 : 21 - CV - 01081 - LM* (handwritten)
**Filer:**
**WARNING: CASE CLOSED on 08/11/2021**
**Document Number:** No document attached

**Docket Text:**
**ENDORSED ORDER re [38] Motion for Judgment as a Matter of Law, [39] Amended MOTION for Summary Judgment
(5626), [40] Amended MOTION for Summary Judgment (5626), [41] Addendum to Lawsuit (5634)/ to [1] Complaint, [43]
OBJECTION to [18] Report and Recommendation dated 08/02/2021 (5646), [44] MOTION for Summary Judgment (5557),
[45] A Ruling Demanded Motion for Summary Judgment (5557), [46] Addendum to [44] MOTION for Summary Judgment
for the Ruling of Violations of Federal Civil Rights Rights That Have Never Been Ruled on by the Court Regarding Claims
Based on Fraud Fraud is Never Final and Fraud Unravels All Decisions (5655), [47] Supplemental MOTION for Summary
Judgment a Declaratory Judgment Jurisdiction can be Challenged at Any Time (5692), [48] 2nd Request A Ruling
Demanded Motion for Summary Judgment (5557). *Text of Order: Before the Court are Plaintiff Josephine Amatucci's most
recent post-judgment filings in this case, docketed at Document Nos. [38]-[41] and [43]-[48]. This case was dismissed on
August 11, 2021, see Aug. 11, 2021 Order (Doc. No. [21]) [approving Aug. 2, 2021 R&R (Doc. No. [18])); Aug. 11, 2021 J.
(Doc. No. [22]); and Mrs. Amatucci did not file an appeal of that dismissal. Mrs. Amatucci has since filed twenty-four
separate documents seeking post-judgment relief in this closed case. The Court previously denied fourteen of those
filings. See Aug. 13, 2021 Order (denying Doc. No. [23]); Dec. 29, 2021 Order (denying Doc. Nos. [24]-[30]); Dec. 30, 2021
Order (denying Document Nos. [31], [32]); Feb. 25, 2022 Order (Doc. No. [37]) (denying Doc. Nos. [33]-[36]). In the Court's
February 25, 2022 Order, the Court warned Mrs. Amatucci that if she files any further motion or document seeking post-
judgment relief in this case on any basis which the Court has previously rejected or denied in this matter, the Court may
issue an Order barring her from filing anything further in this case and/or directing the Clerks office to return her filings in
this case undocketed. Doc. No. [37], at 3-4. In each of her filings docketed in this case as Document Nos. [38]-[41] and
[43]-[48], Mrs. Amatucci seeks relief on grounds that this Court has already rejected and/or denied in this case. Seeing no
evidence that Mrs. Amatucci will heed further warning by the Court to regulate her own filings, the Court now directs that
Mrs. Amatucci make no further filings in this closed case. Any future filings by Mrs. Amatucci in this matter may be
returned to her undocketed.* So Ordered by Judge Joseph N. Laplante.(jb)**


**1:20-cv-00449-JL Notice has been electronically mailed to:**


**1:20-cv-00449-JL Notice, to the extent appropriate, must be delivered conventionally to:**

Josephine Amatucci
PO Box 272
Wolfeboro Falls, NH 03896





MANCHESTER NH 030

7 JUL 2022   PM 1 L

From: D. Amaluce
P.O. Box 972
Waterboro FaLLS N.H. 03896

United States District Court
District of New Hampshire
Office of the Clerk
55 Pleasant St.
Room 110
Concord N.H. 03301