SUPPLEMENTAL NARRATIVE FOR SERGEANT WILLIAM WRIGHT

Ref: 18-153-OF

On October 2, 2018 I received a telephone call from Chief Rondeau. He informed me he was made aware by his prosecutor, I had sent the paperwork to him for review. He said he would recommend sending Ms. Amatucci a must appear citation and avoid an actual physical custody arrest and processing. He stated it would be to the best interest in all parties to handle this case as least intrusive as possible, as previous contacts with Ms. Amatucci have caused hostility. He indicated Ms. Amatucci has always shown up at court accordingly and does not believe she wo-----d to be bailed traditionally. He further told me the Ossipee Court allows for hand summons to be is----ed on Class B Misdemeanor cases.

As a result of the conversation and direction of Chief Rondeau, I will be sending Ms. Amatucci the court complaint via certified receipt mail through the US Postal Service, rather than following through with a tradition warrant arrest process. November 1, 2018 court date will be given.

The Belknap County Sheriff's Department was also asked by the Wolfeboro Police Department to prosecute this case accordingly.

**RECEIVED**

SEP 0 9 2019

OSSIPEE
DISTRICT DIVISION

*Conspiracy*
*Monell Claim*

I told him I would conduct the investigation and would be forwarding the conclusion once completed.

On September 7, 2018 I responded to the Wolfeboro Solid Waste Disposal Building, 400 Beach Pond Rd Wolfeboro, NH.  At approximately 0940 hours, I met with the victim of this incident:

                                    Robert Maloney

The building office was open and had foot traffic from the busy dump day.  I was told we could use the office, but might be interrupted during the interview.  I began the recorded interview asking Mr. Maloney about the incident.

He informed me on August 7, 2018 at approximately 2 p.m., he was standing in the doorway of the building office.  He witnessed Josephine Amatucci speaking with Supervisor Steve Champaigne about a couple of people who were making a mess with a U-Haul truck.  The people had been emptying the truck and had items spread out.  Ms. Amatucci was told Mr. Champaigne had already told the people they were to clean up the mess before they left.  Ms. Amatucci then walked off.  As short time later, Mr. Maloney was still standing in the door way when Ms. Amatucci came to him from the flank.  She then pushed him on his left side with her hands, causing him to lose his balance and fall down the two stairs into the office.  She followed him into the office and began yelling at Mr. Champaigne, who was already in the room.  She argued about the mess caused by the U-haul truck.  After a few moments she then left.  Mr. Maloney told me Ms. Amatucci did not have permission to put her hands on him.  He did not have any injuries as a result of this assault.  He told me she had no real reason to push him and that she could have easily walked around him.  We were interrupted a couple of times during the interview, with patrons of the dump.  The facility was extremely busy and there was limited staff on hand.  *IT WAS DETERMINED AT THE TRIAL BY MR. CHAMPAGNE'S TESTIMONY THAT MALONEY - WAS NEVER STANDING IN THE DOORWAY-*

When I asked about his relationship with Ms. Amatucci and he told me he knew her from him working at the dump for the last 20 years.  He said she was a frequent customer and had no idea what her concern with the U-haul truck was.  His recorded statement is part of this report.  *MALONEY WAS TERMINATED BY THE TOWN.*

I then spoke with:

                              Joshua Nason           *MALONEY*
                              DoB: 12/25/93          *He WAS TERMINATED BY The TOWN*

who advised me he was a witness to the assault.  Again I audio taped this interview in the same office.  Mr. Nason informed me he had seen Ms. Amatucci come up to Mr. Maloney from the side.  She then pushed him, causing him to fall down the stairs.  She then commenced to yell at Mr. Champaigne telling him he was rude to people.  She yelled for a few minutes then left.  He said he left the office just after the assault.  He said he did not hear of any injuries but he was aware she had no right to push him.  His recorded statement is attached to this report.

LII > Wex > Summary Judgment

# Summary Judgment

## Definition

Summary judgment is a judgment entered by a court for one party and against another party without a full trial.

## Overview

In civil cases, either party may make a pre-trial motion for summary judgment.

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment for federal courts. Under Rule 56, in order to succeed in a motion for summary judgment, a movant must show 1) that there is no genuine dispute as to any material fact, and 2) that the movant is entitled to judgment as a matter of law.

"Material fact" refers to any facts that could allow a fact-finder to decide against the movant.

Many states have similar pre-trial motions.

## Partial Summary Judgment

Judges may grant partial summary judgment. For example, a judge might rule on some factual issues, but leave others for trial. Alternately, a judge might grant summary judgment regarding liability, but still hold a trial to determine damages.

## Procedural Notes

### Viewing Evidence

When considering a motion for summary judgment, a judge will view all evidence in the light most favorable to the movant's opponent.

## Summary Judgment Standard

"The purpose of summary judgment is to enable a court 'to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required.'" Fernández-Salicrup v. Figueroa-Sancha, 790 F.3d 312, 328 (1st Cir. 2015) (citation omitted). "Summary judgment is warranted if the record, construed in the light most flattering to the nonmovant, 'presents no genuine issue as to any material fact and reflects the movant's entitlement to judgment as a matter of law.'" Lawless v. Steward Health Care Sys., LLC, 894 F.3d 9, 20-21 (1st Cir. 2018) (citation omitted); see Fed. R. Civ. P. 56(a)). At summary judgment, "[a]n issue is 'genuine' if the evidence would enable a reasonable factfinder to decide the issue in favor of either party." Irobe v. U.S. Dep't of Agric., 890 F.3d 371, 377 (1st Cir. 2018). "A fact is 'material' when its (non)existence could change a case's outcome." Mu v. Omni Hotels Mgmt. Corp., 882 F.3d 1, 5 (1st Cir. 2018), rev. denied, 885 F.3d 52 (1st Cir. 2018).

To obtain summary judgment, "[t]he moving party must affirmatively demonstrate that there is no evidence in the record to support a judgment for the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 332 (1986). "This demonstration must be accomplished by reference to materials of evidentiary

2  (F6)

# STATE OF NEW HAMPSHIRE

CARROLL COUNTY                                    3RD CIRCUIT - DISTRICT DIVISION - OSSIPEE COURT

## ARREST WARRANT

TO THE SHERIFF OF ANY COUNTY IN THIS STATE OR DEPUTY, OR ANY POLICE OFFICER WITHIN THE STATE:

WHEREAS, the Complainant, Sergeant William Wright of
Belknap County Sheriffs Department in the County of Belknap

has exhibited to me, _KAREN ANN JONES_
a Justice/Justice of the Peace in the County of CARROLL,
his/her complaint upon oath against the Defendant,

JOSEPHINE AMATUCCI, of 360 GOV WENTWORTH HWY WOLFEBORO, NH 03894,

in the County of _Carroll_
for the crime(s) of:

631:2-A,I(B) Simple Assault; BI          FRAUD - There was No INJURY

WE COMMAND YOU to take the Defendant, if found to be in your precinct, and bring him/her
before the 3RD CIRCUIT - DISTRICT DIVISION - OSSIPEE COURT

Dated the _16th_ day of _November_ _2018_

_Karen Ann Jones_
Justice/Justice of the Peace   _4/15/2022_

## RETURN
STATE OF NEW HAMPSHIRE COUNTY OF CARROLL

I have arrested the defendant and now have him/her before the Court as commanded.

_11/19/18_                _[signature]_              _Sergeant_
Date                      Name of Officer            Title of Officer

AOC-127-015   6/89

# The State of New Hampshire
## COMPLAINT

Case Number: _____     Charge ID: _____

| ☐ VIOLATION | MISDEMEANOR | ☐ CLASS A | ☒ CLASS B | ☐ UNCLASSIFIED (non-person) |
|---|---|---|---|---|
| | FELONY ☐ CLASS A | ☐ CLASS B | ☐ SPECIAL | ☐ UNCLASSIFIED (non-person) |

You are to appear at the: **3RD CIRCUIT - DISTRICT DIVISION - OSSIPEE** Court,

Address: **96 WATER VILLAGE RD, BOX 2 , OSSIPEE, NH**          County: **CARROLL**

Time: 0800 Am          Date: January 9, 2019

Under penalty of law to answer to a complaint charging you with the following offense:

**THE UNDERSIGNED COMPLAINS THAT : PLEASE PRINT**

| AMATUCCI | | JOSEPHINE | | | |
|---|---|---|---|---|---|
| Last Name | | First Name | | | Middle |
| 350 GOV WENTWORTH HWY | | WOLFEBORO | | NH | 03894 |
| Address | | City | | State | Zip |
| F | W | 508 | 187 | BROWN | BLACK |
| Sex | Race | Height | Weight | Eye Color | Hair Color |
| 09/27/38 | | 09AIJ38271 | | NH | |
| DOB | | License #: | | OP License State | |

☐ COMM. VEH.          ☐ COMM. DR. LIC.          ☐ HAZ. MAT.          ☐ 16+PASSENGER

AT: 400 BEACH POND RD, WOLFEBORO NH

On 08/06/2018 at 2:00 PM in CARROLL County NH, did commit the offense of:

RSA Name:          Simple Assault; B1

Contrary to RSA:  631:2-A,I(B)          **FRAUD**

Inchoate:

(Sentence Enhancer):

And the laws of New Hampshire for which the defendant should be held to answer in that the defendant did:

commit the crime of Simple Assault in that she knowingly caused unprivileged physical contact to another, to wit, Robert Maloney by pushing Robert Maloney with her hands, on his upper arm/shoulder. Said offense constituting a Class B Misdemeanor;

against the peace and dignity of the State.

☐ SERVED IN HAND

_____          Sergeant William Wright          Belknap County Sheriffs Department
Complainant Signature          Complainant Printed Name          Complainant Dept.

**Making a false statement on this complaint may result in criminal prosecution.**

Oath below not required for police officers unless complaint charges class A misdemeanor or felony (RSA 592-A:7.I).
Personally appeared the above named complainant and made oath that the above complaint by him/her subscribed is, in his/her belief, true.

11/16/4518 _____          _____
Date                                          Justice of the Peace          2/15/2022

NHJB-2962-D (6/27/2016)